UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HERBERT E. ROBERTSON,

    Plaintiff,

    v.                                            CAUSE NO. 3:23-CV-514-JD-MGG

THERESA LIEDTKE, et al.,

    Defendant.

OPINION AND ORDER

Herbert E. Robertson, a prisoner without a lawyer, is proceeding in this case on three claims. First, he is proceeding against Nurse Theresa Liedtke "for not responding to his medical requests for a crutch-pass renewal in November 2022 in violation of the Eighth Amendment[.]" ECF 8 at 9. Second, he is proceeding "against Nurse Jen Hacker in her individual capacity for compensatory and punitive damages for not treating his post-fall injuries on November 23, 2022, in violation of the Eighth Amendment[.]" *Id.* Third, he is proceeding "against Sergeant Hufford in his individual capacity for compensatory and punitive damages for not taking him to medical as instructed on November 25, 2022, in violation of the Eighth Amendment[.]" *Id.* at 10. Sgt. Hufford filed a motion for summary judgment, arguing Robertson did not exhaust his claim against him before filing this lawsuit.[1] Robertson filed a response, and Sgt. Hufford filed a reply. ECF 28, ECF 30. Robertson also filed a motion for sanctions against the

---

[1] Nurse Liedtke and Nurse Hacker have not moved for summary judgment.

Grievance Specialist. ECF 27. Sgt. Hufford's summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust

2

remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Here, both parties agree Robertson submitted and fully exhausted two grievances related to his medical care in November 2022. Specifically, it is undisputed Robertson fully exhausted Grievance 148261 and Grievance 149248. But Sgt. Hufford argues Robertson cannot rely on either of these grievances to exhaust his claim against him because the grievances only address Robertson's claims against the medical defendants and do not address his claim that Sgt. Hufford failed to take him to the medical unit on November 25. ECF 24 at 4-6. Robertson responds that both of these grievances exhaust his claim against Sgt. Hufford because they give notice of what happened, describe the injury that occurred, and complain he was not given medical treatment for two days. ECF 28-2 at 3-5.

Exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Therefore, an inmate's grievance can only exhaust a claim if the allegations in the grievance support the claim in the lawsuit and provide enough information to indicate the defendant is the target. *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023). An inmate cannot rely on a grievance to exhaust a claim if there is a "disconnect between the grievance and complaint." *Bowers v. Dart*, 1 F.4th 513, 517 (7th Cir. 2021) (holding a grievance complaining one jail officer failed to come to inmate's aid during attack did not exhaust inmate's claim that other jail employees predicted but ignored the risk of attack); *see also Phelps v. Neal*, No. 1:19-CV-643, 2020 WL 4284798, at *1-2 (N.D. Ind. July

3

27, 2020) (concluding an inmate's grievance complaining about a mouse infestation in his cell and requesting medical treatment did not put the prison on notice to his claim a nurse later denied him treatment for a mouse bite).

Here, the undisputed facts show neither Grievance 148261 nor Grievance 149248 put the prison on notice as to Robertson's claim that Sgt. Hufford failed to take him to the medical unit on November 25, 2022. Specifically, in Grievance 148261, Robertson listed a "Date of Incident" of November 23, 2022, and described his complaint as follows:

> On November 23, 2022, DCH custody staff were told by medical staff I no longer had a valid crutch pass for my spinal injuries. I have had continual crutch passes for these injuries since March 24, 2022. I put three (3) healthcares 10 days prior to my crutch pass expiring on November 22, 2022, to Dr. Marthakis for renewal of my crutch pass. Dr. Marthakis failed to see me, exam me, or renew my needed crutch pass even though a specialist recommended I continue on crutches until seen by a pain specialist.
>
> Because of this failure by Dr. Marthakis, I fell because my leg gave out when I was handcuffed behind my back with no support. I struggled to reach the shower cuff-port, I fell hitting my head/face on the wall, I hit my knee on the floor. I was in severe pain, my back is numb. I was seen in medical for severe pain, given Torodol, ice, issued new crutches, and a pass for 30 days for crutches. I was told by medical I should have had a crutch pass based on EMR notes, my prior injuries, and a scheduled off-site visit with a specialist.

ECF 23-3 at 1. Similarly, in Grievance 149248, Robertson listed a "Date of Incident" of November 28, 2022, and described his complaint as follows:

> N.P. Fagan came to my cellside on 11-28-2022 and told me she was going to do my chronic care visit. I told Ms. Fagan I felt uncomfortable with inmates on both sides of me listening to my medical information/conditions. Additionally, another inmate was behind N.P. Fagan sweeping, listening to her, and a custody staff member was also

4

> with her. N.P. Fagan told me due to "HIPPA" protocols she would have me rescheduled to be seen at MSU. She told me she understood I was <u>not</u> refusing my chronic care visit. N.P. Fagan went back to medical and signed Healthcares #24313, 24308, 33621, 33065 to say "I refused cellside visits"? These Healthcares have <u>nothing</u> to do with my <u>chronic care</u>, these refusals are simply <u>not</u> true. N.P. Fagan is denying me medical care. EMT-Terressa is denying me to be scheduled for medical care. Dr. Marthakis will <u>not</u> see me.

ECF 23-3 at 5. Because neither grievance complains of any incident that occurred on November 25 or alleges that any correctional officer failed to take Robertson to the medical unit, they do not put the prison on notice of Robertson's claim that Sgt. Hufford failed to take him to the medical unit on November 25.

Thus, because Grievances 148261 and 149248 do not put the prison on notice of Robertson's claim against Sgt. Hufford or contain any information to indicate Sgt. Hufford is the target of the lawsuit, Robertson cannot rely on either grievance to show he exhausted his claim against Sgt. Hufford. *See Maddox*, 655 F.3d at 722; *King*, 63 F.4th at 608. Robertson provides no evidence he filed any other relevant grievance or his administrative remedies were in any way unavailable. Therefore, Sgt. Hufford has met his burden to show Robertson did not exhaust his claim against him before filing this lawsuit. Summary judgment is thus warranted in favor of Sgt. Hufford.

Lastly, Robertson moves to sanction the Grievance Specialist for attempting to "mislead the court" by discussing additional grievances in his affidavit that are unrelated to Robertson's claim against Sgt. Hufford. ECF 27. But the Grievance Specialist's discussion of these grievances has no impact on the outcome of this case,

and Robertson has not shown any basis for sanctioning the Grievance Specialist. This motion will be denied.

For these reasons, the court:

(1) GRANTS Sgt. Hufford's motion for summary judgment (ECF 23);

(2) DISMISSES Sgt. Hufford from this action;

(3) DENIES Robertson's motion for sanctions against the Grievance Specialist (ECF 27); and

(4) REMINDS the parties this case is now proceeding only on Robertson's remaining claims:

    a. against Nurse Theresa Liedtke in her individual capacity for compensatory and punitive damages for not responding to his medical requests for a crutch-pass renewal in November 2022 in violation of the Eighth Amendment; and

    b. against Nurse Jen Hacker in her individual capacity for compensatory and punitive damages for not treating his post-fall injuries on November 23, 2022, in violation of the Eighth Amendment.

SO ORDERED on June 5, 2024

/s/JON E. DEGUILO
JUDGE
UNITED STATES DISTRICT COURT